IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
JUL - 2 2007
CLERK, U.S. DISTRICT COURT
By _____
               Deputy

| | |
|---|---|
| ALFRED WILLIAMS, PRO SE,<br>TDCJ-CID # 604422,<br>Previous TDCJ-CID #307372,<br><br>    Plaintiff,<br><br>v.<br><br>BRUCE ZELLAR, Warden,<br>CHARLES E. RICHARDSON, Officer, and<br>DEREK JOHNSON, Sargent,<br><br>    Defendants. | 2:06-CV-0120 |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff ALFRED WILLIAMS, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis

Plaintiff complains that he was written a false disciplinary case by defendant RICHARDSON which defendant Warden ZELLAR failed to stop, and that defendant JOHNSON confined plaintiff in an area away from the general population.

Plaintiff requests the disciplinary case be expunged from his records, his previous classification be restored, and that he be awarded $25,000.00.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Malicious prosecution no longer provides an independent basis for a section 1983 claim in this Circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Thus, an inmate's claim that

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

an officer initiated disciplinary proceedings against him without probable cause does not state a claim. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). The remaining basis for a section 1983 claim is Due Process.

In section VI. Relief, of his original Complaint, plaintiff states he lost no goodtime as a result of the disciplinary case. Nevertheless, in his Step 2 Grievance #2006099984 appealing the disciplinary conviction, submitted to the Court on November 22, 2006, plaintiff states it "is unfair to me . . . to just be striped of goodtime and then moved and placed on 45, 45, 45, and then be reduced from an S3 to a L1 . . . ." The copy of the Disciplinary Hearing Report, also submitted November 22, 2006, is not legible on that part.

Thus, the facts reflected in plaintiff's grievance appear to contradict his allegations in his original complaint. The Court will hold plaintiff to his claim as plead in his original complaint but notes that, in either event[3], plaintiff's claim lacks an arguable basis in law.

If, as plaintiff pleads, goodtime was not confiscated as a result of the disciplinary hearing, plaintiff has no federally-protected due process rights. In the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995), the ambit of a prisoner's potential

---

[3]If the punishment imposed as a result of the disciplinary hearing included a loss of goodtime, plaintiff has not plead favorable termination. The Supreme Court has ruled that the *Heck* doctrine is now applied to the prison disciplinary setting. *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997). For this reason, plaintiff's claim is not cognizable under section 1983 without a prior showing of favorable termination, that is, that the results of the disciplinary hearing have been overturned, either on administrative appeal, through habeas, or by some other means. *See, also, Woods v. Smith*, 60 F.3d 1161, 1165 n. 16 (5th Cir. 1995)(citing *Ordaz v. Martin*, 5 F.3d 529 (5th Cir. 1993)(unpublished)). Therefore, assuming a loss of goodtime resulted, plaintiff's claims lack an arguable basis in law and are frivolous until the *Heck* conditions have been met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Fourteenth Amendment due process liberty claims has been dramatically narrowed and prisoners may no longer comb through state statutes and prison regulations searching for the "grail of limited discretion" upon which to base a due process liberty claim. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). Instead, a prisoner has a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and these will normally consist of deprivations which clearly impinge on the duration of confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)(quoting *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995))[4]. Moreover, the effect on the duration of his sentence that a reduction in class has upon an inmate's ability to earn good-time credits is too speculative and too attenuated to invoke the procedural guarantees of the Due Process Clause. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)(citing *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)).

Consequently, plaintiff's section 1983 civil rights claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915A and section 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff ALFRED WILLIAMS is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

---

[4]The *Sandin* Court expressly recognized the unusual deprivations in *Vitek v. Jones*, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (transfer to a mental hospital), and *Washington v. Harper*, 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990)(forcible administration of psychotropic drugs), also involved a liberty interest.

4

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED THIS 2nd DAY OF JULY, 2007.

/s/ MARY LOU ROBINSON
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE